Case Number: CACE-23-011302 Division: 02
Filing # 169536654 E-Filed 03/24/2023 12:12:32 AM

|  |  |
|---|---|
| DORA BARRIOS, | IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
| Plaintiff, | CASE NO.: |
| vs. | GENERAL JURISDICTION |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. _____ / | |

## COMPLAINT

**COMES NOW** the Plaintiff, DORA BARRIOS, by and through undersigned counsel, and files this Complaint, against the Defendant, COSTCO WHOLESALE CORPORATION, and in support hereof would respectfully show unto the Court the following:

1. This is an action for damages in excess of fifty thousand dollars ($50,000.00), and this matter is within the jurisdiction of this Court.

2. The Plaintiff, DORA BARRIOS (hereinafter "BARRIOS"), is and was at all relevant times material hereto, a resident of Miami-Dade County, Florida.

3. The Defendant, COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO WHOLESALE") is a CORPORATION doing business in Miami-Dade County, Florida, authorized to transact business within the State of Florida with registered agents in Florida, managed, maintained, controlled and/or operated the premises located 15915 Pines Blvd, Pembroke Pines, FL 33027.

4. Venue is proper in Broward County, Florida because the Defendant did business in Broward County, Florida and the alleged tortious conduct occurred in Broward County,

Florida.

5. On or about December 19, 2022, Plaintiff was an invitee of the premises located at 15915 Pines Blvd, Pembroke Pines, FL 33027, which is owned, operated, occupied, leased, maintained, inspected, cleaned, controlled, supervised, managed, and repaired by Defendant, COSTCO WHOLESALE CORPORATION.

6. On the above date, the Plaintiff, BARRIOS, while visiting the premises, slipped and fell on a dangerous condition on the floor resulting in very severe and permanent injuries and incurring substantial medical expenses.

7. As an invitee, the Defendant owed Plaintiff a duty to keep the premises in a reasonably safe condition and, when and where not reasonably safe, to warn of hidden dangers.

8. Notwithstanding, as the Plaintiff was walking on the elevated sidewalk heading towards the tire shop, she stumbled forward over an unseen drop in floor elevation while visiting the COSTCO WHOLESALE. The Plaintiff sustained injuries during this incident and had to be treated at the scene by the Fire Rescue and then transported to Memorial Regional Hospital.

9. There were no "warning" signs or cones present warning of the change in elevation at the time of the incident.

10. The Defendant, and its agents and/or employees, failed to fulfill their joint, several, and collective duty to use reasonable care and to take adequate and reasonable safety precautions or measures to protect invitees on the premises from foreseeable harm and danger; including the harm suffered by the Plaintiff.

11. The Defendant was on notice of the dangers; more specifically, the Defendant or its representatives knew or should have known that the sidewalk on which Plaintiff fell

would be elevated. However, the Defendant failed to warn or take reasonable measures to prevent foreseeable safety hazards.

12. Plaintiff was not aware of the above-referenced dangerous condition caused by the Defendant. Likewise, there were no warning signs present in the area warning Plaintiff, or other visitors, of this dangerous condition.

13. As a direct result of the negligence of the Defendant named herein, the Plaintiff has sustained significant personal injury.

**COUNT I- NEGLIGENCE OF COSTCO WHOLESALE CORPORATION**

14. Plaintiff herein incorporates by reference Paragraphs 1-13 of the Complaint.

15. At all time material, Defendant, COSTCO WHOLESALE CORPORATION, through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to maintain its premises and property in a reasonably safe condition so as to prevent injury to licensees, business invitees, and members of the public. Including, in particular, Plaintiff, DORA BARRIOS.

16. At all times material, Defendant COSTCO WHOLESALE CORPORATION, through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, was negligent and breached its duty of care to the Plaintiff by committing the following acts and/or omissions, including, but not limited to:

   a. Failing to maintain the subject premises in a reasonably safe condition;

   b. Failing to maintain the floors at the subject premises in a reasonably safe condition;

   c. Failing to adequately mark, and/or identify dangerous or hazardous conditions which it knew existed, or in the exercise of reasonable care, should have known existed;

    d. Failing to warn the plaintiff of a hazardous condition on its premises;

    e. Failing to repair and/or remedy a dangerous condition;

    f. Failing to remedy a dangerous condition which was known by the defendant and/or which in the exercise of reasonable care should have been known by the defendant;

    g. Creating a dangerous condition by failing to maintain caution or warn invitees of hazardous conditions;

    h. Failing to adopt policies, protocols, and procedures to prevent and/or remedy the dangerous condition;

    i. Failing to properly hire, fire, retain, supervise and train employees and agents with regards to warning of dangerous conditions, preventing dangerous conditions, and correcting dangerous conditions;

    j. Failing to properly hire, fire, retain, supervise and train third parties to perform the non-delegable duty of maintaining the premises and property in a reasonably safe condition;

    k. Failing to properly hire, fire, retain, supervise and train third parties as it relates to maintaining the premises and property in a reasonably safe condition;

    l. Additional acts of negligence not yet discovered.

17. As a direct and proximate result of the Defendant's conduct, the Plaintiff has sustained severe bodily injuries, all of which have caused and will continue to cause physical pain, suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, experienced in the past, and/or to be experienced in the future, loss of earnings, and/or earning capacity in the future. In addition, Plaintiff has

incurred and will continue to incur medical, rehabilitation and related expenses.

**WHEREFORE,** Plaintiff demands judgment of, from and against the Defendant for actual and compensatory damages, court costs, pre-judgment interest and all other damages this Court deems just and equitable.

Dated this 23 day of March, 2023.

Respectfully submitted,

URIARTE LAW, P.A.
Alejandro Uriarte, Esq.
Attorney for Plaintiff
730 NW 107 AVE, Suite 200
Miami, Florida 33172
Telephone: (305)503-5636
Facsimile: (786) 536-6160
Service: alex@sfpiplaw.com
pleadings@sfpiplaw.com

BY: __/s/ Alejandro Uriarte__
ALEJANDRO URIARTE, ESQ.
Florida Bar No. 73183